

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*                                    *973-645-2700*
*Newark, New Jersey 07102*

November 27, 2024

<u>**VIA EMAIL & ECF**</u>
The Honorable Claire C. Cecchi
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    *United States v. Shin,* Crim. No. 24-599 (CCC)

Dear Judge Cecchi:

    The Government writes to respectfully request the entry of a standard proposed protective order attached hereto as Exhibit A (the "Protective Order") limiting the dissemination and post-litigation retention of the discovery materials.

## 1.  Background

    The defendant Seung Han Shin, a/k/a "Aaron Shin" ("Shin") is charged in a 7-count indictment, *United States v. Egert, Kong, Shin, and Sanchez,* with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349), and two counts of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2.

    Shin was a bankruptcy attorney who was licensed and practiced in New Jersey. From in or around June 2013 through in or around December 2016, Shin participated in a short sale fraud scheme involving multiple properties. In furtherance of the scheme and at the request of a convicted co-conspirator, Mehdi Kassai ("Kassai")[1], who was trying to acquire short sale properties, Shin prepared and filed fraudulent bankruptcy petitions purportedly on behalf of the short sellers and without their knowledge. Although Kassai paid Shin's fees, Shin never disclosed Kassai's involvement and falsely represented to the Bankruptcy Court that the short

---

[1] The co-conspirator, Mehdi Kassai, pursuant to a plea agreement, pled guilty to a four count Information charging him with two counts of bank fraud, one count of wire fraud, and one count of money laundering. On May 24, 2023, he was sentenced to a term of imprisonment of sixteen months and three years of supervised release on all counts to be served concurrently.

sale sellers were paying him. Kassai was the actual buyer of the short sale properties, and for some of the transactions the conspirators used stolen identities.

Discovery in this case is voluminous and includes mortgage loan files, settlement files, bank records, and emails containing a host of sensitive information, including personally identifiable information ("PII") such as names, dates of birth, social security numbers, physical addresses, email addresses, phone numbers, and financial histories. Discovery also includes information about short sale sellers, their families, and other witnesses and unrelated third parties that implicates privacy and security concerns about the possible misappropriation and misuse of that information. Given the volume of the discovery, it would impose a significant burden on the Government to identify and redact every single document containing sensitive information.

## 2. The Legal Standard

Federal Rule of Criminal Procedure 16 provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).[2] The Supreme Court counseled long ago that "[t]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969); *see also United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007); *United States v. Giraldo*, 822 F.2d 205, 212 (2d Cir. 1987). "The most common kind of order allowing discovery on conditions is an order limiting the persons who are to have access to the information disclosed and the use to which these persons may put the information." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994) (citing 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2043, at 305 (1970)). "Protective orders in criminal cases are not uncommon," and this Court has "vast" discretion to grant protective orders and should exercise that discretion to "assure that a defendant's right to a fair trial [is] not overridden by the confidentiality and privacy interests of others." *United States v. O'Keefe*, No. 06-0249 (PLF), 2007 WL 1239204, at *2 (D.D.C. Apr. 27, 2007) (citing Federal Practice and Procedure § 258 (3d ed. 2000); *United States v. Libby*, 453 F. Supp. 2d 35, 37 (D.D.C. 2006)).

The party seeking the order must show "good cause." *Pansy*, 23 F. 3d at 786. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Wecht*, 484 F.3d at 211; *see also Pansy*, 23 F.3d at 772. In considering whether good cause exists for a protective order, courts have generally adopted a balancing test, weighing the need for disclosure against the injury that might result if uncontrolled disclosure is compelled. *Pansy*, 23 F.3d at 787 (citations omitted). There are a variety of non-exhaustive factors that courts should consider in determining whether "good cause" exists for issuance of a protective order, including whether disclosure will violate

---

[2] The government and the three other co-defendants have agreed upon a scheduling and protective order.

any privacy interests. *United States v. Torres*, 20-CR-418, 2020 WL 4500046, at*3 (D.N.J. Aug. 5, 2020).

Courts have also identified the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, as providing "good cause" for the issuance of a protective order under Rule 16(d). *See United States v. Patkar*, 2008 WL 233062 (D. Hawaii Jan. 28, 2008) (denying request for certain discovery materials pertaining to the victim, on the ground that disclosure of those materials would injure the victim's reputation); *see generally, United States v. Gakhal*, 2015 WL 5559852 (N.D. Ill. Sept. 17, 2015) (protective order granted pursuant to Rule 16(d) and CVRA). Indeed, under the CVRA, victims are entitled to be reasonably protected from the accused and to be treated with fairness and with respect for the victim's dignity and privacy. 18 U.S.C. § 3771(a)(1).

In addition, specifically in the context of criminal cases, courts have recognized that good cause may exist where dissemination of information may impede law enforcement interests. *See United States v. Smith,* 985 F.Supp.2d 506, 531 (S.D.N.Y. 2013) ("[A]s a general proposition, courts have repeatedly recognized that materials, including even judicial documents which are presumptively accessible, can be kept from the public if their dissemination might 'adversely affect law enforcement interests.'") (citing cases). Where public disclosure of certain information "might officially reveal the sources and methods law-enforcement officials have used, and will continue to use, to investigate other criminal conduct related to the publicly filed charges, courts have found it appropriate to enter a protective order." *Id.* at 524 (citing cases).

Protective orders can vary "'from true blanket orders (everything is tentatively protected until otherwise ordered) to very narrow ones limiting access only to specific information after a specific finding of need.'" *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012) (quoting *Poliquin v. Garden Way, inc.*, 989 F.2d 527, 532 (1st Cir. 1993)). A blanket protective order may be used to expedite the flow of discovery that would otherwise be slowed by time-consuming processes like document review. *Bulger*, 283 F.R.D. at 53 n.11. Protective orders may later be modified under the same good cause standard relied on for imposition of the order. *Id.* at 53.

### 3. There is Good Cause for Protective Order in this Case

Here, the Government seeks a protective order regarding the discovery materials in this case to facilitate the prompt exchange of discovery materials to the defense, while protecting privacy rights and safety concerns of witnesses, victims, and unrelated third parties. As discussed above, the discovery includes a wealth of PII, including subpoena responses from banks that include records of personal checking accounts and mortgage loan files, and from title companies that include transaction settlement files. Additionally, the Government will produce emails that include the PII of unrelated third parties. Furthermore, the Government's evidence

shows that the conspirators used stolen identities to purchase homes in short sales, and Shin used the identities and PII of short sale sellers to file bankruptcy petitions without their knowledge or assent.

Far from creating a disadvantage, a blanket protective order will provide Shin and his defense team with early access to materials that may not be subject to Rule 16 and with the flexibility to use those materials to prepare for trial. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 n.19 (3d Cir. 1986) ("Umbrella protective orders . . . greatly expedite the flow of discovery material while affording protection against unwarranted disclosures.").

Relatedly, it would impose a significant burden on the Government to identify and redact every single document containing sensitive information, which would take significant time and slow the flow of discovery. *Id.* at 1123 ("The caselaw supports the view that the use of umbrella orders in the district court is a useful method of dealing with large-scale discovery"). Finally, Shin will suffer no prejudice by the proposed protective order. The proposed protective order allows Shin and the defense team to use discovery materials for case-related purposes, including trial and appeal. The proposed order only prevents the dissemination of information outside of the defense team. Thus, having a protective will not negatively impact Shin's ability to prepare a defense.

### 4. The Defendant's Objection Is Meritless

In an email dated November 8, 2024 (Exhibit B), counsel for defendant Shin objected to Paragraph 6(a) of the Protective Order, which states:

6.    Disclosure Material may be disclosed by the defense only to:

(a) The defendant, but counsel shall not permit the defendant to retain copies of the Disclosure Materials unless such Disclosure Materials have been redacted of personal identifying information or any information that would reveal the identity of the individual referenced therein;

Counsel requests that everything after the word, "defendant" be stricken. He asserts that it would be "unduly burdensome and unacceptable" to require defense counsel to "review it and redact it of personal identify information before our client ***may retain copies.***" (Emphasis added). To be sure, under the proposed Protective Order, copies of discovery ***may be disclosed to the defendant.*** The Defendant cannot, however, retain unredacted copies of these materials. Therefore, the standard Protective Order does not prevent Shin from receiving and reviewing the disclosed material. Counsel does not have to make redactions in order for the Defendant to review the disclosed materials, and the Defendant can take whatever time necessary or desired to review them. Given the privacy considerations at issue, it is not unduly burdensome for Shin to review the disclosed materials in the presence of counsel.

This is a case alleging a conspiracy that used stolen identities to fraudulently

purchase homes in short sales.  Moreover, the Indictment alleges that, in furtherance of the conspiracy, Shin filed bankruptcy petitions on behalf of short sale sellers without their knowledge or assent and was paid by a co-conspirator, Kassai, to do so. The Government's evidence demonstrates that when Shin filed those bankruptcy petitions he falsely represented to the bankruptcy court that he was being paid to do so by the short sale seller. Thus, in light of these allegations, counsel's assertion that "[o]ur client will be provided a copy of the protective order and he will be subject to it," gives the Government no comfort. The Government submits that its proposed standard protective order is reasonable and should be issued.

Accordingly, the Government respectfully requests that the Court issue the proposed Protective Order.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney


By: /s/ *Kevin V. Di Gregory*
Shontae D. Gray
Assistant U.S. Attorney
Kevin V. Di Gregory
Special Assistant U.S. Attorney


cc:    Michael Critchley, Esq.
       Amy D. Luria, Esq.
       Armando Suarez, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————————

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Hon. Claire C. Cecchi |
| v. | : | |
| | : | Criminal No. 24-599 (CCC) |
| SEUNG HAN SHIN, | : | |
| a/k/a "Aaron Shin" | : | |

———————————————————

### **STIPULATED PROTECTIVE ORDER**

Upon the application of the United States of America, by Philip R. Sellinger, United States Attorney (Shontae D. Gray, Assistant U.S. Attorney and Kevin V. Di Gregory, Special Assistant U.S. Attorney appearing), and defendant Seung Han Shin, a/k/a "Aaron Shin" (Michael D. Critchley, Esq. and Amy D. Luria, Esq., appearing), for a protective order for pre-trial proceedings in the above-captioned criminal matter (the "Protective Order"), pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Court finds and orders as follows:

1.     **Disclosure Material.** The Government anticipated disclosing to the defendant documents, objects and information as defined by Rule 16(a)(1)(A)-(F), materials pursuant to 18 U.S.C. § 3500, and potential exculpatory or impeachment material ("Disclosure Material"). The Disclosure Material produced pursuant to a scheduling order determined by the Court, includes material that (i) affects the privacy and confidentiality of individuals; and (ii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Thus, the entry of a protective order is appropriate.

2.     **Facilitation of Discovery.** Entry of this Order permits the Government to expeditiously produce the Disclosure Material without further litigation or the need for redaction. It also affords the defense prompt access to those materials, in unredacted form, facilitating the preparation of the defense.

3.     **Timing and Scope of Disclosures.** Nothing in this Order changes in any way the timing or scope of the Government's discovery disclosure obligations, and those disclosures remain governed by Rule 16, 18 U.S.C. § 3500, and other statutory and constitutional authorities or any Orders of this Court.

4.     **Good Cause**. There is good cause for entry of this protective order. IT IS on this ___ day of _____, 2024, ORDERED that:

5.     Disclosure Material shall not be disclosed by defense counsel, including any successor counsel ("the defense") other than as expressly permitted by this Order. Disclosure Material shall be used by the defense solely for purposes of defending this action.  The defense shall not disclose any Disclosure Material to any third party except as expressly set forth below.

6.     Disclosure Material may be disclosed by the defense only to:

a.     The defendant, but counsel shall not permit the defendant to retain copies of the Disclosure Materials unless such Disclosure Materials have been redacted of personal identifying information or any information that would reveal the identity of the individual referenced therein;

2

b.     Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

c.     Prospective witnesses for purposes of defending this action, but counsel shall not permit such individuals to possess or retain Disclosure Materials or duplicate versions; and

d.     Any Coordinating Discovery Attorney ("CDA") appointed pursuant to the Criminal Justice Act in this case, and any CDA employees and vendors the CDA may engage in the course of their duties.

7.     The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further order of this Court.

8.     This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. But if a party wishes to submit Disclosure Material to a court in connection with a motion or application for relief, that party shall do so pursuant to the same procedures used for sentencing materials, as outlined in the District of New Jersey's Protocol for Disclosure of Sentencing Materials (available at https://www.njd.uscourts.gov/court-info/local-rules-and-orders. Under those procedures:

a. The Disclosure Material in question must be submitted directly to the court and all counsel of record in the underlying prosecution;

3

absent a court order, no Disclosure Material may be filed on the

Court's Case Management/Electronic Case File System ("ECF").

b.  The submitting party must file a contemporaneous notice on ECF

that Disclosure Materials have been submitted to the Court

pursuant to this protective order.

c.  Public access to the Disclosure Materials shall be governed by the

same procedure set forth in paragraphs two through five of the

District of New Jersey's Protocol for Disclosure of Sentencing

Materials.

9.    For any Disclosure Material made public, the publishing party must

comply with the provisions of Federal Rule of Criminal Procedure 49.1.

10.    Counsel may use Disclosure Material at trial, subject to Rule 49.1 and

any other applicable law or rules. Disclosure Material introduced as exhibits at a

hearing or at trial are no longer subject to the restrictions set forth in this

Protective Order.

**<u>Disclosure and Protection Search Warrant ESI Disclosure Material</u>**

11.    Certain Disclosure Material may be contained within electronically

stored information ("ESI") that the Government has seized, pursuant to search

warrants issued during the investigation, from cell phones, devices, storage media,

and providers of electronic communications services and remote computer services

(including email, cloud storage providers, and other online services).

12.    The Government is authorized to disclose to the defendant, defense

4

counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel (the "Defense Team"), for use solely as permitted herein, the entirety of the ESI that was initially produced by a provider or captured from a device pursuant to search warrant (the "ESI Disclosure").  The Defense Team may review the ESI Disclosure to identify items material to the defense. They shall not further disseminate or disclose any portion of the ESI Disclosure except as otherwise set forth under this Order.

**<u>Return or Destruction of Material</u>**

13.    Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material within 30 days of: (a) the expiration of the period for direct appeal from any verdict in the above-captioned case; (b) the expiration of the period of direct appeal from any order dismissing any of the charges in the above-captioned case; (c) the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case; or (d) the issuance of an opinion by an appellate court that terminates the case, whichever date is later.

14.    The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Disclosure Material has been disclosed to which such persons.

15.    This Order is binding on all future and successor counsel.

**Retention of Jurisdiction**

16.    The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

## ORDER

IT IS SO ORDERED this _____ day of, _____ 2024:


_____
HON. CLAIRE C. CECCHI
United States District Judge


Consented to as to form and entry:


_/s/ *Kevin V. Di Gregory*_____
SHONTAE D. GRAY
Assistant U.S. Attorney
KEVIN V. DI GREGORY
Special Assistant U.S. Attorney


_____
MICHAEL D. CRITCHLEY, ESQ.
AMY D. LURIA, ESQ.
Counsel for Defendant